UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>LUIS MANUEL FORTANEL,<br><br>                              Defendant. | Case No.: 3:18-cr-5383-GPC-1<br><br>**ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE**<br><br>**[ECF No. 120]** |

Defendant Luis Manuel Fortanel ("Fortanel") filed a motion seeking compassionate release or reduction of his sentence under 18 U.S.C. § 3582(c). ECF No. 120. The Government opposes. ECF No. 126 ("Opp."). For the reasons that follow, Fortanel's motion is GRANTED.

## I.  BACKGROUND

Fortanel was convicted by guilty plea of one count of Conspiracy to Possess with Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 841(A)(1) and 846. ECF No. 88. Fortanel was sentenced to a term of imprisonment of 18 months to be followed by a term of 3 years of supervised release. *Id.* Fortanel is now serving his sentence at FCI Mendota. ECF No. 120 at 3. Fortanel has served approximately 14 months, or over 75% of his sentence, and his scheduled release date is May 19, 2021. *Id.* at 3; ECF No. 78 ("Presentence Investigation Report" or "PSR") at 1.

1

Fortanel has a body mass index ("BMI") of 43.8, latent tuberculosis, difficulty breathing as a result of his anxiety, as well as several other chronic medical conditions. ECF No. 120 at 4; PSR at 3.  Fortanel has received the Pfizer-BioNTech vaccine for COVID-19.  ECF No. 132.

On February 3, 2021, Fortanel filed his motion for compassionate release.  ECF No. 120.  On February 17, 2021, the Government filed a response in opposition.  Opp. On March 2, 2021, the Government filed supplemental briefing.  ECF No. 132.  On March 3, 2021, Fortanel filed a reply.  ECF No. 134.

## II.   DISCUSSION

Fortanel moves for release under 18 U.S.C. § 3582(c)(1)(A), which provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, there are two questions before the Court: first, whether Fortanel has satisfied the administrative exhaustion requirement, and second, whether Fortanel has demonstrated extraordinary and compelling reasons for a sentence reduction.

The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, "amends numerous portions of the U.S. Code to promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019) (citing Cong. Research Serv., R45558, The First Step Act of 2018: An Overview 1 (2019)). One of the changes resulting from the Act is that it "allows defendants, for the first time, to petition district courts directly for compassionate release." *Id.* As one district court explained:

> The effect of the amendments is that a district judge has the ability to grant a prisoner's motion for compassionate release even in the face of BOP opposition or its failure to respond to a prisoner's request for compassionate release in a timely manner. . . . Congress's express purpose in implementing these changes was to expand the use of compassionate release sentence reductions under § 3582(c)(1)(A). *See, e.g.,* First Step Act, PL 115-391, 132 Stat 5194, 5239 (titling the subsection amending § 3582, "Increasing the Transparency and Use of Compassionate Release"); 164 Cong. Rec. S7314- 02, 2018 WL 6350790 (Dec. 5, 2018) (statement by Senator Cardin, cosponsor of the First Step Act, noting that its purpose was to "expand[s] compassionate release" and "expedite[] compassionate release applications").

*United States v. Young*, No. 2:00-CR-00002-1, 2020 WL 1047815, at *5 (M.D. Tenn. Mar. 4, 2020); *see also United States v. Maumau*, No. 2:08-CR-00758-TC-11, 2020 WL 806121, at *4 (D. Utah Feb. 18, 2020) ("[O]ne of the express purposes of the First Step Act was to increase the use and transparency of compassionate release.").

### A.     Exhaustion Requirement

Section 3582(c)(1)(A) imposes an exhaustion requirement requiring a defendant to fully exhaust all administrative rights to appeal before a defendant may move the court

3

for release.  The parties agree that Fortanel has met the statutory exhaustion requirement because he filed this motion over 30 days following his request for compassionate release to the Warden of FCI Mendota.  *See* ECF No. 120-1, Ex. E; Opp. at 9 n.7.  Accordingly, the Court can consider the merits of Fortanel's motion.

### B. Extraordinary and Compelling Reasons and Sentencing Factors

Section 3582(c)(1)(A) permits a sentence reduction only upon a showing of "extraordinary and compelling reasons," and only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Section 1B1.13 of the Sentencing Guidelines further explains that a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) may be ordered where a court determines, "after considering the factors set forth in 18 U.S.C. § 3553(a)," that:

(1) (A) Extraordinary and compelling reasons warrant the reduction; or

. . .

(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) The reduction is consistent with this policy statement.

Application Note 1 to this Guidelines provision enumerates certain circumstances constituting "extraordinary and compelling reasons" that justify a sentence reduction, including certain medical conditions, advanced age, certain family circumstances, or some "other" reason "[a]s determined by the Director of the Bureau of Prisons."  The Note specifies that "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" constitutes "extraordinary and compelling reasons" which justify compassionate release.  While the Court's decision is guided by this policy statement, a number of district courts have found that the amended Section 3582(c)(1)(A)(i) grants courts independent discretion to determine whether a defendant has provided extraordinary and compelling reasons for a

reduction of their sentence. *United States v. Decator*, 452 F. Supp. 3d 320, 324 (D. Md.), *aff'd sub nom. United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020); *see also United States v. Redd*, 444 F. Supp. 3d 717, 724–25 (E.D. Va. 2020).

Fortanel argues that he remains vulnerable to serious illness were he to become infected with COVID-19, given his morbid obesity, latent tuberculosis, and other conditions. ECF No. 120 at 6–13. The Government argues that although his morbid obesity would render him eligible for compassionate release were he not vaccinated, Fortanel is no longer at risk because he has been vaccinated, and thus his conditions do not present extraordinary and compelling reasons for release. Opp. at 16–17.

The Court finds that Fortanel presents extraordinary and compelling reasons for release. Morbid obesity has been identified by the Centers for Disease Control and Prevention ("CDC") as a condition that can heighten the risk of severe illness for those who contract COVID-19. *See People Who Are at Higher Risk for Severe Illness*, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions /people-at-higher-risk.html. The link between obesity and poor COVID-19 outcomes is well-established, and the CDC has stated that "the risk of severe COVID-19 illness increases sharply with elevated BMI." *See People With Certain Medical Conditions*, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/ 2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_ refVal=https%3A%2F%2F (updated Mar. 29, 2021). Although latent tuberculosis is not currently identified as a risk factor by the CDC, there are some worrying reports that active tuberculosis may be triggered by a COVID-19 infection. *See* Padma Nagappan, *COVID-19 Could Activate Latent Tuberculosis*, SDSU News Center, https://newscenter.sdsu.edu/sdsu_newscenter/news_story.aspx?sid=78173. Additionally, a number of district courts have found a defendant's latent tuberculosis supported a finding of extraordinary and compelling reasons in light of the COVID-19 pandemic. *See, e.g.*, *United States v. Burke*, No. 4:17-CR-3089, 2020 WL 3000330, at *2 (D. Neb.

June 4, 2020); *United States v. Soto*, No. 18-20072-1, 2021 WL 719703, at *2 (E.D. Mich. Feb. 24, 2021).

Although Fortanel has been vaccinated and the Pfizer-BioNTech vaccine is highly effective, he points out that he still faces some risk of infection and serious illness given the limitations of clinical trials and the continued spread of the virus in prisons and jails. ECF No. 134 at 15–21; ECF No. 134-1, Ex. B. Additionally, the science is currently unclear as to how long such immunity lasts, and the spread of new variants adds additional uncertainty. *See* Pengfei Wang et al., *Antibody Resistance of SARS-CoV-2 Variants B.1.351 and B.1.1.7*, Nature, Mar. 8, 2021, https://www.nature.com/articles/s41586-021-03398-2. The Court thus finds that Fortanel is unlikely to be able "to provide self-care within the environment of a correctional facility" to avoid contracting and suffering serious effects of COVID-19 as the virus continues to spread. U.S.S.G. § 1B1.13 cmt. 1(A)(ii). *See United States v. Ramos*, 450 F.Supp.3d 63, 65 (D. Mass. 2020) ("[I]t is not possible for a medically vulnerable inmate . . . to isolate himself in this institutional setting.").

The fact that Fortanel is a mere month away from his scheduled release date provides additional support for the Court's finding that Fortanel need not be placed at further risk, given the many scientific unknowns. Releasing Fortanel a month ahead of schedule would also not undermine the Court's need to ensure his sentence is consistent with the Section 3553(a) sentencing factors, and would not pose a risk to public safety. *See* 18 U.S.C. §§ 3553(a)(2)(C), 3582(c)(1)(A)(ii); U.S.S.G. 1B1.13(2). Although Fortanel's offense involved a significant quantity of cocaine, he has no previous criminal convictions and has served the great majority of his sentence, even excluding good time credits. PSR at 6–7, 11. The Court thus finds that a sentence of time served, with additional home confinement, would satisfy the requirement that the sentence reflect the seriousness of the offense and deter future offenses.

Accordingly, the Court finds that Fortanel has presented extraordinary and compelling reasons for compassionate release, and that a sentence reduction would be consistent with the sentencing factors set forth in Section 3553(a) and would not pose an undue risk to public safety.

### III. CONCLUSION

For the reasons set forth above, the Motion for Compassionate Release is **GRANTED**, to be effective at the close of business today.  Fortanel's sentence is **MODIFIED** and **REDUCED** to time served pursuant to 18 U.S.C. § 3852(c), effective immediately, to be followed by a 36-month term of supervised release under conditions set forth in the original judgment, plus the following added special condition: (1) Fortanel shall be placed in home confinement for a period of 2 months without electronic monitoring where he will be restricted to his residence at all times except for medical necessities and court appearances or other activities specifically pre-approved by the Court.

It is **FURTHER ORDERED** that Fortanel shall remain in self-quarantine for a period of time not less than 14 days after his release.

Fortanel is **HEREBY ORDERED** to report by telephone to the U.S. Probation Office in San Diego, California within 24 hours of his release from BOP custody.

The Government shall serve copies of this order on the Warden of FCI Mendota immediately.  The Warden shall immediately release Defendant Luis Manuel Fortanel from custody.  In the event that the Warden or any party requests any clarification of or modification to this order, they shall make such request in writing immediately upon receipt of the order.

\ \ \
\ \ \
\ \ \
\ \ \

1 **IT IS SO ORDERED.**

2 Dated: April 22, 2021

3 Hon. Gonzalo P. Curiel
4 United States District Judge